August T. Janszen (0062394)<br>
Attorney for Plaintiff,<br>
Bruce Yacyshyn, M.D.

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **BRUCE YACYSHYN** | : | Case No. _____ |
| **7662 Coldstream Drive** | | |
| **Cincinnati, OH 45255** | : | Judge: _____ |
| **Plaintiff,** | : | |
| v. | : | |
| **UC HEALTH, LLC** | : | |
| **C/O Statutory Agent** | | |
| **GH&R Business Services, Inc.** | : | |
| **312 Walnut Street, Suite 1800** | | |
| **Cincinnati, OH 45202** | : | |
| **Defendant.** | : | |

## COMPLAINT WITH JURY DEMAND

Now comes Plaintiff, Bruce Yacyshyn, M.D. (hereinafter "Plaintiff" or "Dr. Yacyshyn"), and for his Complaint against Defendant, UC Health, LLC (hereinafter "Defendant" or "UC"), states as follows:

### Background

1. Dr. Yacyshyn is a board-certified physician in Internal Medicine and a Gastroenterologist who specializes in inflammatory bowel disease (IBD). Dr. Yacyshyn is a nationally renowned, highly regarded expert in clinical research for IBD and other digestive diseases, and he has been the Principal Investigator on numerous clinical studies over the course of his 40-year career.

2. In March of 2009, Dr. Yacyshyn entered into an employment agreement with the University of Cincinnati ("UC") as a Professor of Clinical Medicine, pursuit to which Dr.

<b>JANSZEN LAW FIRM</b><br>
<b>A Legal Professional Association</b>

Yacyshyn applied for grants and other funding requests for clinical research, and then serve as the "Principal Investigator" for the various studies, research, and clinical trials being performed. As part of his employment at UC, Dr. Yacyshyn also became a shared or current employee of University Internal Medicine Associates, Inc., the predecessor corporation to Defendant UC Health, LLC. Most of Dr. Yacyshyn's clinical trials and studies were performed in conjunction and association with UC Health.

3. The Principal Investigator of a grant or clinical study is responsible for the management, supervision, and integrity of the work, including but not limited to the application for funding, proper conduct of the work, administrative and financial management and oversight, and compliance with all University, federal, state, and sponsor policies. The Principal Investigator is personally liable for the fiscal management, oversight, and conduct of the project, including any violations of the FDA requirements and policies.

4. Dr. Yacyshyn has been the Principal Investigator (or Co-Principal Investigator or Sub-Investigator) on more than 50 grants and/or clinical trials over the course of his 40-year career.

6. In April of 2019, Dr. Yacyshyn provided written notice to Defendant that he was resigning from his position and terminating his employment, effective August 31, 2019. At the time, Dr. Yacyshyn was still the Principal Investigator on approximately 14 clinical trials and studies, including clinical studies with Abbvie, Receptos, Gilead, and Pfizer.

7. In June of 2019, as part of his professional responsibilities and duties, Dr. Yacyshyn prepared written notices for Defendant to notice the various grants and funding sources of his departure and, where permitted, replace Dr. Yacyshyn with another qualified physician to serve as the Principal Investigator.

**JANSZEN LAW FIRM**
**A Legal Professional Association**

E-FILED 10/31/2023 5:14 PM / CONFIRMATION 1389255 / A 2304699 / COMMON PLEAS DIVISION / IFIJ

8.  Dr. Yacyshyn terminated his employment with Defendant on August 31, 2019, after which date Defendant had no legal or contractual right to utilize Dr. Yacyshyn's name, reputation, association, affiliation, sponsorship, or involvement in connection with any of Defendant's clinical trials, grants, research, or other goods or services.

9.  After his resignation, Dr. Yacyshyn continued to work in clinical research for Medpace, where he was responsible for worldwide clinical studies, and the University of Louisville, where he served as Principal Investigator on grants and clinical studies involving gastrointestinal, IBD, and digestive diseases.

10. In January of 2022, Dr. Yacyshyn returned to the University of Cincinnati as a volunteer professor in the Department of Pharmacology and Systems Physiology. Upon returning to UC, in April of 2022, Dr. Yacyshyn had access to his UC email communications for the first time since his resignation in August of 2019.

11. In November of 2022, Dr. Yacyshyn received a communication from the UC Office of Conflict of Interest, Research Security & Ethics, advising Dr. Yacyshyn that he was still listed as the Co-Principal Investigator on certain grants and clinical trial, that his "Outside Activity Reports" were not up to date, and that he needed to submit the proper disclosures.

12. Dr. Yacyshyn has had no knowledge or involvement with any grants or clinical trials since August of 2019.

13. Dr. Yacyshyn never granted permission to UC Health to continue to use his name, association, affiliation, sponsorship, or endorsement after the termination of his employment.

14. From August of 2019 through at least November of 2022, and with actual knowledge that Defendant lacked the legal or contractual right to continue to do so, Defendant continued to use Dr. Yacyshyn's name, credentials, reputation, association, affiliation,

3

sponsorship, and/or involvement in connection with the SPARC IBD Grant and other clinical trials and studies, without Dr. Yacyshyn's knowledge or consent.

15. From August of 2019 through at least November of 2022, Defendant continued to use Dr. Yacyshyn's name and falsely represent his involvement, association, affiliation, and sponsorship of various grants and clinical studies, in order to continue to receive the funding that Dr. Yacyshyn had secured for Defendant during his employment, but without compensation to Dr. Yacyshyn, in breach of the Employment Agreement, and in breach of Defendant's legal, contractual, and ethical obligations to the grants and other funding sources.

16. Defendant purposefully and fraudulently used Dr. Yacyshyn's name and involvement, association, affiliation, and sponsorship of various grants and clinical studies because there were no other qualified physicians or employees to serve as Principal Investigator after Dr. Yacyshyn's resignation. Defendant also continued a clinical trial for Aevi Genomic Medicine after Dr. Yacyshyn's resignation, through February of 2020, continuing to use Dr. Yacyshyn as the Primarily Investigator without his knowledge, consent, or permission, at a time when Dr. Yacyshyn believed that the study had been closed.

17. At some time after Dr. Yacyshyn's notice of resignation, Defendant also made improper, unauthorized, and/or illegal changes, additions, and/or substitutes in the delegation logs for the clinical trials, at a time when Dr. Yacyshyn was still the Principal Investigator under the contracts between UC Health and the trial sponsors.

18. As a direct and proximate result of Defendant's conduct, fraud, and/or deceptive trade practices, Dr. Yacyshyn has sustained actual damages and losses, including damage to his professional reputation, actual and potential personal liability as the purported Principal Investigator of grants and studies conducted after his resignation, and loss of compensation and

4

income derived from Defendant's use of his name, reputation, credentials, sponsorship, approval, status, affiliation, or connection without his knowledge, consent, permission, or involvement.

## FIRST CLAIM FOR RELIEF

19. Dr. Yacyshyn incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

20. Pursuant to R.C. 4165.01 et seq. (Ohio Deceptive Trade Practices Act or "ODTPA"), a person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does, *inter alia*, any of the following:

(a) Passes off goods or services as those of another;

(b) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(c) Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; and/or

(d) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

21. Defendant violated the ODTPA by continuing to use, market, promote, and identify Dr. Yacyshyn as a Principal Investigator and/or a person involved in various grants and clinical studies and trial after the termination of his employment and with no legal, contractual, or ethical right to do so.

22. Defendant violated the ODTPA by passing off the work of other physicians and employees as work performed by or under the supervision of Dr. Yacyshyn, after the termination of his employment.

23. Defendant violated the ODTPA by falsely representing that its goods and services, including research and clinical trials, were the work of Dr. Yacyshyn and/or continued to have his sponsorship, approval, and/or certification after the termination of his employment.

24. Defendant violated the ODTPA by falsely representing that its goods and services, including research and clinical trials, continued to have an affiliation, connection, or association with, or certification by, Dr. Yacyshyn, after the termination of his employment and without his knowledge, consent, or involvement.

25. Defendant violated the ODTPA by falsely representing that its goods and services, including research and clinical trials, by representing that goods or services have sponsorship, approval, characteristics, uses, benefits, or quantities that such goods and services did not have, and that such goods and services continued to have Dr. Yacyshyn's involvement, sponsorship, approval, status, affiliation, and connection when they did not.

26. As a direct and proximate result of Defendant's deceptive trade practices, in violation of R.C. 4165.02, Dr. Yacyshyn has sustained actual damages and losses, including irreparable damage to his professional reputation, additional professional liability risks and exposures, and loss of the benefit, value, and compensation to which Dr. Yacyshyn would be entitled for his name, reputation, association, affiliation, sponsorship, connection, and involvement, in an amount to be determined at trial but not less than $25,000.00, in accordance with R.C. 4165.03(A)(2)

27. Pursuant to R.C. 4165.02(B) and 4165.03, Dr. Yacyshyn is entitled to a temporary restraining order, preliminary injunction, and permanent injunction, enjoining Defendant from maintaining, promoting, associating, or otherwise using Dr. Yacyshyn's name, reputation, and credentials in connection with any grants, studies, or other professional goods or services, without his knowledge, consent, permission, and without compensation.

28. Pursuant to R.C. 4165.02(B) and 4165.03, Dr. Yacyshyn is entitled to a temporary restraining order, preliminary injunction, and permanent injunction, ordering Defendant to remove Dr. Yacyshyn's name and association with any and all grants, studies, or other professional goods or services, where Defendant continues to use the same, without Dr. Yacyshyn's knowledge, consent, permission, and without compensation.

29. At all times relevant to this action, Defendant willfully and intentionally engaged in deceptive trade practices in violation of R.C. 4165.02. More specifically, Defendant had actual knowledge that, after Dr. Yacyshyn's resignation on August 31, 2019, there were no other physicians or other employees who were competent and qualified to replace Dr. Yacyshyn as the Principal Investigator on one or more of the clinical trials.

30. At all times relevant to this dispute, including January of 2020, Defendant had actual knowledge that Dr. Gorman Reynolds did not and could not replace Dr. Yacyshyn on the SPARC IBD Grant, or any other grant or study, because Dr. Reynolds had also resigned his employment from Defendant in 2019.

31. Dr. Yacyshyn is entitled to all costs and reasonable attorney's fees incurred in this action.

## SECOND CLAIM FOR RELIEF

32. Dr. Yacyshyn incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

33. Pursuant to R.C. 2741.01 et seq., a persona shall not use any aspect of an individual persona for commercial purposes.

34. Dr. Yacyshyn's persona includes his name, reputation, professional credential and standing in the clinical research community, as a nationally recognized expert in clinical research.

35. From August 31, 2019 to date, Defendant has used Dr. Yacyshyn's persona for commercial purposes, without Dr. Yacyshyn's knowledge, permission, or authorization, in violation of Dr. Yacyshyn's statutory and common law right of publicity.

36. Defendant continued to use Dr. Yacyshyn's name, credentials, and association with various grants and clinical studies, after the termination of his employment, in order to continue to receive the funding and proceeds provided by those grants and studies.

37. As a direct and proximate result of Defendant's unauthorized use of Dr. Yacyshyn's persona, Dr. Yacyshyn has sustained actual damages and losses in excess of $25,000.00.

38. In the alternative, pursuant to R.C. 2741.07(A), Dr. Yacyshyn is entitled to any profits or funding derived by Defendant from and/or attributable to the unauthorized use of Dr. Yacyshyn's person for commercial purposes.

39. In the alternative, pursuant to R.C. 2741.07(A), Dr. Yacyshyn is entitled to an award of statutory damages in an amount to be determined at trial but not less than $10,000.00 per violation.

40. Pursuant to R.C. 2741.07(D), Dr. Yacyshyn is entitled to an award of all costs and reasonable attorney's fees incurred herein.

41. In the absence of a temporary restraining order, preliminary injunction, and permanent injunction, enjoining Defendant from continuing to use Dr. Yacyshyn's name and persona in connection with goods or services without his knowledge, consent, and authorization, Dr. Yacyshyn shall continue to suffer severe and irreparable damage and harm and injury, including damage to his professional reputation, for which there are no adequate remedies at law.

### THIRD CLAIM FOR RELIEF

42. Dr. Yacyshyn incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

43. Pursuant to 15 U.S.C. 1125 ("Lanham Act"), it is unlawful for any person, in connection with any goods or services, to falsely designate the source, origin, association, qualities, sponsorship, approval, or characteristics of such goods or services, or to make misleading representations of fact which are likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of such person with another person.

44. Pursuant to 15 U.S.C. 1125, the term "any person" includes any State, instrumentality of a State, and/or employee of a State acting in his or her official capacity.

45. Defendant falsely represented that Dr. Yacyshyn was involved in clinical research and studies after the termination of employment, thereby deceiving third parties and funding sources that such grants, research, and/or studies continued to have Dr. Yacyshyn's professional involvement, sponsorship, approval, endorsement, affiliation, and connection after the termination of Dr. Yacyshyn's employment.

46. Defendant made such false and misleading representation with actual knowledge and intent, and for commercial purposes and profit, in order to continue to receive the funding

secured through Dr. Yacyshyn's name, reputation, work, and involvement, after the termination of his employment.

47. As a direct and proximate result of Defendant's misleading and deceptive acts, omissions, and representations in connection with its goods and services, Dr. Yacyshyn has sustained actual damages and losses in excess of $25,000.00.

48. Dr. Yacyshyn is entitled to injunctive relief pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(c)), enjoining Defendant from continuing to use Dr. Yacyshyn's name, affiliation, and association in connection with any goods or services (including grants and clinical trials) without his knowledge, consent, and authorization.

**WHEREFORE**, Plaintiffs hereby demand judgment against Defendant as follows:

(1) An award of compensatory damages in an amount to be determined at trial but not less than $25,000.00;

(2) An award of statutory damages in an amount to be determined at trial but not less than $10,000.00 per violation, in accordance with R.C. 2741.01 *et seq.*;

(3) A temporary restraining order, preliminary injunction, and permanent injunction, enjoining Defendant from using, promoting, or continuing to use Dr. Yacyshyn's name, persona, reputation, credentials, affiliation, association, sponsorship, or connection with any goods or services, including grants and clinical trials, without his knowledge, consent, and written authorization;

(4) An award of all costs and reasonable attorney's fees incurred herein; and

(5) All other legal and/or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ August T. Janszen*
August T. Janszen (0062394)
JANSZEN LAW FIRM CO., L.P.A.
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242

10

**JANSZEN LAW FIRM**
A Legal Professional Association

(513) 326-9065 (telephone)
(513) 535-5333 (mobile)
atjanszen@janszenlaw.com
Attorney for Plaintiff,
Bruce Yacyshyn, M.D.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims and issues herein.

Respectfully submitted,

August T. Janszen (0062394)

**JANSZEN LAW FIRM**
**A Legal Professional Association**